IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| BETTY SUE MOORE | ) | CASE NO. 07-71844 |
| | ) | |
| Debtor. | ) | |

| | | |
|---|---|---|
| BETTY SUE MOORE, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | MOTION TO AVOID |
| | ) | JUDGMENT LIEN |
| v. | ) | |
| | ) | |
| CAPITAL ONE BANK, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM DECISION**

The matters before the Court are the Trustee's Objection to Debtor's Claim of Exemptions and the Debtor's Motion to Avoid Judgment Lien. The critical issue posed by these matters is whether the Debtor may claim, under Virginia Code § 34-18, an exemption in the amount of $65,000,[1] the entire value of her real property, under the circumstances unique to this case. A hearing was held on the Objection on September 3, 2008, at which time counsel for the Trustee and counsel for the Debtor both advised the Court that they intended to submit a Stipulation of facts and an Order setting a briefing schedule, and the Court took the matter under advisement. This scheduling Order, entered September 5, 2008, also established a deadline of

---

[1] This figure reflects the value of the property as listed in the Debtor's amended Schedule A, and it represents the most recent figure before this Court. The Debtor initially listed the value of the property at $70,500 on her Schedule A filed contemporaneously with her bankruptcy petition.

November 11, 2008, by which the parties were to request oral argument on the issue. With the parties' briefs having been submitted and no oral argument having been requested, the Court is prepared to decide the issue. For the reasons set forth below, the Court concludes that the Trustee's Objection ought to be sustained and the Debtor's Motion to Avoid Judgment Lien should be denied.

## FINDINGS OF FACT

Betty Sue Moore, the Debtor, filed the present Chapter 7 petition on November 19, 2007. Based on the exemption claimed under Virginia Code § 34-18[2] in her contemporaneously filed Schedule C, the Debtor filed a Motion to Avoid Judgment Lien against Capital One Bank on January 4, 2008. The Motion acknowledged that Capital One obtained a judgment against the Debtor on December 27, 2005 in the amount of $6,247.79, plus 26.99% interest and $38 in costs, which judgment was properly docketed on December 18, 2006, thereby placing a judgment lien on the Debtor's real property. The Motion also asserted that the tax assessed value of the real property was $70,500, that the property was encumbered by a secured claim in the amount of $17,232.42 held by Bank of Marion, and that the Debtor had filed a Homestead Deed on September 3, 1998, claiming an exemption in the property of $5,000. The

---

[2] Virginia Code § 34-18 reads

> The rents and profits of the property set apart shall be exempt in the same manner as the corpus of such property and if the whole real and personal estate set apart be not of greater value than the amount the householder is entitled to exempt at the time it is so set apart, the exemption thereof shall not be affected by any increase in its value afterwards, unless such increase consists of permanent improvements placed upon real estate set apart by means derived from some source other than exempt property.

2

Debtor then asserted that, because she claimed the total value of the property as exempt, the judgment lien impaired an exemption to which she was entitled under 11 U.S.C. § 522(f).

The Motion to Avoid Judgment Lien was initially set for hearing on February 6, 2008. On that date, the hearing was continued to April 2, 2008 to allow for appropriate service on Capital One.[3] The hearing on the Motion was again continued to June 24, 2008. Counsel for the Trustee subsequently filed an Objection to the Debtor's Claim of Exemptions on June 17, 2008. In light of the Objection, the hearing on the Motion was again continued to September 3, 2008, by agreed Order entered June 20, 2008.

On September 3, 2008, the Debtor's Motion and the Trustee's Objection came before the Court. During the hearing, counsel for the Debtor and the Trustee represented that they were working on a stipulation of facts, and the parties requested a briefing schedule, which was set by agreed Order, entered September 5, 2008. The parties filed a Stipulation of facts on September 4, 2008. The Court chose to defer its ruling on the Motion to Avoid Judgment Lien until after deciding the Objection, the determination of which would answer both questions. The following facts lie at the heart of the dispute.

In the Debtor's initial Schedule A, which was filed contemporaneously with her petition, she listed real property in Marion, Virginia, and listed the property's value at $70,500. In the Debtor's Schedule D, she listed a secured claim of $17,232.42 on the real property held by the Bank of Marion, and in her Schedule C, the Debtor claimed an exemption of $70,500 in the real property under Virginia Code § 34-18. The Debtor subsequently amended her Schedule A

---

[3] The Motion was amended on February 11, 2008 solely to add certain information relating to the appropriate address and agent for Capital One to whom service should have been directed.

on March 3, 2008 to list the value of her real property at $65,000.

      Prior to the commencement of the current case, the Debtor and her now-deceased husband ("the Debtors") filed a joint Chapter 7 petition on August 5, 1998, which was assigned case number 98-02941-HPA. On their Schedule A filed in that case, the Debtors listed real property[4] with a value of $43,900, which, according to the Debtors' Schedule D, was encumbered by Bank of Marion's secured claim of $35,000. On the Debtors' Schedule C, they claimed a $4,000 exemption in the real property under Virginia Code § 34-4.1[5]. Additionally, each co-debtor filed a homestead deed setting apart $5,000 in equity in the real property pursuant to Virginia Code § 34-4[6] and specifically noting that neither co-debtor was entitled to any exemptions under § 34-4.1. No objection was filed to the exemptions claimed in the prior case, and the Debtors received a discharge on December 3, 1998.

---

[4] The real property listed on Schedule A in the prior case is the same real property listed on Schedule A in the current case.

[5] Virginia Code § 34-4.1 allows certain veterans with disabilities to exempt up to $2,000 in the value of his or her real or personal property. This exemption is in addition to all the other exemptions to which Virginia residents are entitled.

[6] Under § 34-4, every Virginia householder is entitled to exempt $5,000 in value of his or her real or personal property from creditor process. Virginia householders are entitled to claim as exempt an additional $500 for each dependent he or she supports. Moreover, under § 34-4, each spouse is entitled to claim an independent exemption, up to the maximum amount allowed under the statute, regardless of whether that spouse is a wage earner. *See Cheeseman v. Nachman*, 656 F.2d 60, 63 (4th Cir. 1981); *In re Fromal*, 151 B.R. 730 (E.D. Va. 1993), *aff'd.*, 14 F.3d 594 (4th Cir. 1993), *cert. denied*, 511 U.S. 1133 (1994); *see also In re Snellings*, 10 B.R. 949, 954 (Bankr. W.D. Va. 1981). However, an individual may only exempt property in which he or she has an ownership interest. *See e.g., In re Preston*, 96 B.R. 61, 63 (Bankr. W.D. Va. 1989).

4

CONTENTIONS OF THE PARTIES

The Trustee objects to the Debtor's claim of exemption under Virginia Code § 34-18 because the section only allows the Debtor to exempt the appreciated value of the portion of the real property claimed as exempt in the prior case.  In the Objection, the Trustee asserts that the Debtor is only entitled to an exemption in the amount of $6,056.70, not $70,500.[7]  The Trustee contends that the Debtors did not exempt all of their equity in the real property in the prior case because the actual value of the property was more than $14,000 greater than the value the Debtors had listed in their Schedule A filed with the prior case.  Therefore, according to this contention, even if the Debtor's interpretation of § 34-18 were correct, the Debtor cannot now say that the entire value of the real property is properly exempted because only the gain on the portion set apart can be exempted under that section.  In the Objection, the Trustee also argues that the Debtor cannot now assert the exemptions of her deceased husband against her own creditors.  Finally, the Trustee argues that, to the extent the Debtor seeks to assert the claim of exemption in the prior case under § 34-4.1, either independently or through § 34-18, the Debtor is not entitled to such an exemption based on her statement in her homestead deed that she did not meet the criteria for claiming such an exemption.

In response, the Debtor filed an Answer on August 28, 2008, in which she argued that her claim of exemption in the current case represented the increase of the value of her real

---

[7] The Court finds that this statement, appearing in paragraph 15 of the Trustee's Objection, represents an unqualified concession that the Debtor is entitled to an exemption for the appreciated value of the portion of the property claimed by her as exempt.  While the Trustee, as discussed below, argues in his briefs filed with the Court on this issue that the Debtor is only entitled to a $5,000 exemption, the Court finds that his concession which appears in a formal pleading to the Court is binding, notwithstanding any argument to the contrary made in his subsequently filed briefs, which are not formal pleadings.

5

estate set apart in the prior case. The Debtor argues that the Trustee's interpretation of § 34-18 is too limited and that it must be interpreted in the light most favorable to the Debtor and in a manner most likely to assist the Debtor's fresh start. The Debtor asserts that the homestead exemption claimed by the Debtor in her residence continues to retain its status in the current case, and concludes that this Court should dismiss the Trustee's Objection.

In his memorandum in support of his Objection, filed September 9, 2008, the Trustee states two grounds in support of his argument. First, he argues that the Debtor's interpretation of § 34-18 is incorrect. Second, he argues that, even if the Debtor's interpretation is correct, the Debtor does not qualify for the $70,500 exemption. The Trustee argues that, according to the language of § 34-18, the whole value of the real property must not have been greater than what the Debtor claimed as exempt in order for her to receive the benefits of the statute. The Trustee then asserts that the Debtor's interpretation is contrary to the plain language of § 34-18 and renders the term "whole" meaningless. Accordingly, the Trustee argues that because the Debtors in the prior case did not assert the entire value of the real property as exempt, any exemption under § 34-18 is unavailable in the present case.

The Trustee also argues that, even if the Debtor's interpretation of § 34-18 is correct, she still does not qualify for the exemption. In support, the Trustee observes that the Debtors listed the value of the real property at $43,900 in the Schedule A accompanying the prior petition. However, the Trustee asserts that the assessed value of the real property at the time the prior case was filed was $58,200. Therefore, even if the Debtors had attempted to claim the entire amount of their equity in the property as exempt, they were unsuccessful because the value was understated. Additionally, the Trustee observes that the Debtor seeks to use the 1998

exemption of her deceased husband in order to claim that the whole value of the property should now be exempt under § 34-18.  However, because the Debtor may not assert her deceased husband's homestead exemption against her own creditors, she also may not use his exemption indirectly through § 34-18 to claim that the entire value of the real property is exempt.

The Trustee acknowledges that this final argument appears at first blush to be undercut by the case law.  The Trustee observes that the court in *In re Hayes* stated that the Virginia homestead exemption allows the families of debtors to retain the exemption after a debtor's death.  119 B.R. 86, 88 (Bankr. E.D. Va. 1990) (citing *Hanby's Adm'r v. Hentrize's Adm'r*, 85 Va. 177, 7 S.E. 204 (1888)).  However, the Trustee also observes that, in the case upon which the *Hayes* court relied, the Virginia court based its decision on language of the Virginia Constitution in effect at the time that case was decided.  *Hentrize's Adm'r*, 85 Va. at 185, 7 S.E. at 208.  However, because the Virginia Constitution and Title 34 of the Code of Virginia have been changed on numerous occasions since the decision in *Hentrize's Adm'r*, and because neither the current version of the Virginia Constitution nor the current version of Title 34 of the Code of Virginia contains language similar to that relied upon by the Court in *Hentrize's Adm'r*, *In re Hayes* cannot stand for the proposition that the Debtor is now entitled to claim her deceased husband's homestead exemption against her own creditors.

In the memorandum in support of her claim of exemption, filed on October 16, 2008, the Debtor first argues that the $43,900 value of the home, as indicated in the Schedule A filed in the prior case, was found to be the current market value of the Debtor's real property in 1998.  Therefore, the Debtor was entitled to rely on that value when filing the present case. Relatedly, the Debtor argues that the Trustee's assertion that the value of the home in 1998 was

7

the tax assessed value of the home did not account for the reality that various factors, including the condition of the home and market conditions at the time, were taken into account when the $43,900 value was accepted in the prior case. The Debtor then observes that the secured claim filed in the prior case was in the amount of $34,296.49 and that the Debtors, when filing individual homestead deeds totaling $10,000, exempted the entire value of their equity in the real property in the prior case.

The Debtor also observes that the issue before the Court is one of first impression, and, therefore, the Debtor argues that the Court must review the entire statute and consider § 34-18 in the context of all the Virginia exemption statutes, which seek to provide a fresh start to debtors. The Debtor cites to *In re Snellings* for the following propositions: (1) courts must employ liberal rules of interpretation when construing exemptions statutes; (2) that the statutes were meant to secure a home for the householder and his family; and (3) homestead statutes are enacted as a matter of public policy and in the interest of humanity. 10 B.R. 949, 951-52 (Bankr. W.D. Va. 1981). The Debtor then cites to *In re Thompson* for the principle that the Virginia exemption statute in question in that case, § 34-1, was enacted to meet the purpose to conserve the family home from forced sales. 4 B.R. 823, 825 (E.D. Va. 1980). The Debtor then directs the Court's attention to *In re Redmon*, observing that the court concludes that ambiguities in state exemption laws must be resolved liberally in favor of debtors. 31 B.R. 756, 759 (Bankr. E.D. Va. 1983). Based on the foregoing, the Debtor argues that she is entitled to the separate and independent exemption under § 34-18, as a matter of public policy.

The Trustee filed a reply brief on October 28, 2008, in which he responded solely to the Debtor's assertions that the $43,900 value of the real property was accepted in the prior

8

case. In response, the Trustee argues that a trustee is not a judicial officer and, therefore, cannot make findings of fact and that, at best, the trustee's actions in the prior case served only as evidence of his independent conclusion that a sale of the property would not have led to any appreciable assets being available for distribution to unsecured creditors. Accordingly, the Trustee argues that, to the extent the Debtor may assert collateral estoppel or issue preclusion based on the trustee's actions in the prior case regarding the value of the real property, such an assertion is unsupported in law. The Trustee observes that the elements of collateral estoppel are the following: (1) that the two actions involve identical parties; (2) that the factual issue must have been litigated in the prior proceeding; (3) that the issue litigated must have been essential to the judgment; and (4) that the prior proceeding must have resulted in a valid final judgment against the party against whom estoppel is asserted. *Ben-Ami v. Katz (In re Ben-Ami)*, 348 B.R. 320, 326-27 (Bankr. E.D. Va. 2006) (citing *Levine v. McLeskey*, 164 F.3d 210, 213 (4th Cir. 1998). The Trustee argues that none of the elements of collateral estoppel is present in this case. Finally, the Trustee asserts that the Debtor's exemption should be limited to her $5,000 homestead exemption asserted in the prior case.

## CONCLUSIONS OF LAW

This Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984. Determination of the validity of a claim of exemption is a "core" bankruptcy proceeding by virtue of 28 U.S.C. § 157(b)(2)(B).

The issue of whether the Debtor may claim an exemption under § 34-18 for the entire value of her real property, even though that amount far exceeds the $5,000 homestead

exemption provided in § 34-4, based on the value of a debtor's equity in property at the time of claiming the benefit of the homestead exemption, is one of first impression before this Court. Neither, to this Court's knowledge, has the question been decided by any published decision of the state courts of Virginia or any federal courts applying Virginia law. The Court begins the task of resolving this question by looking at the language of the statute:

> The rents and profits of the property set apart shall be exempt in the same manner as the corpus of such property and **if the whole real and personal estate set apart be not of greater value than the amount the householder is entitled to exempt at the time it is so set apart**, the exemption thereof shall not be affected by any increase in its value afterwards, unless such increase consists of permanent improvements placed upon real estate set apart by means derived from some source other than exempt property.

Virginia Code § 34-18 (emphasis added). This Court must also look at Va. Code § 34-4 to determine the amount the Debtor was "entitled to exempt" in her 1998 homestead deed. Section 34-4 entitles every Virginia householder to "exempt from creditor process arising out of a debt, real and personal property . . . not exceeding $5,000." Section 34-6 provides the procedure a debtor must follow in order to properly claim any exemption of real property to which he or she may be entitled under § 34-4. The statute provides that "[i]n order to secure the benefit of the exemptions of real estate under [ ]§ 34-4 . . . , the householder, by a writing signed by him . . . , to be recorded as deeds are recorded . . . , shall declare his intention to claim such benefit and select and set apart the real estate to be held by the householder as exempt . . . ." Va. Code § 34-6. The critical questions before the Court are (i) whether the "entire value" of property within the meaning of § 34-18 refers to the unencumbered value of such property or just to its unencumbered equity, and (ii) what appreciation in value of the exempted property is protected by such statute.

The Debtor argues that § 34-18 allows her to exempt the entire value of her interest in her real property in the current case on the basis that the entire equity in the property at the time the homestead deeds were filed had been properly exempted under § 34-4. The Trustee, on the other hand, argues that the entire equity in the property was not successfully exempted because the Debtors, in their prior case, understated the value of the property. According to the Debtor, the value of the real property listed on Schedule A as $43,900 is the appropriate value to determine whether the entire equity in the property was exempt, and, according to the Trustee, the appropriate value of the real property is $58,200. The Court is of the view that, even assuming the Debtor and her now deceased husband properly exempted the entire value of their equity in the real property in their prior case, § 34-18 does not allow the Debtor to now exempt the entire value of the real property from creditor process. However, to the extent it is necessary to decide the question, this Court, for the purpose of this decision, accepts $43,900 as the value of the property at the time the prior case was filed. [8]

---

[8] The Court's acceptance of such value flows from several principles. First, the Trustee has the burden of proof to establish that the exemption is not "properly claimed." Bankruptcy Rule 4003(c). Second, an owner of property is entitled to testify as to such owner's opinion of the property's value, *See* Russell, Bankr. Evidence Manual, § 701:2 at page 1389 (West 2008-2009 ed.), and courts may consider such testimony as evidence of the property's value. *In re Brown*, 244 B.R. 603, 611-12 (Bankr. W.D. Va. 2000). Third, the schedules, including the values contained therein, filed in the 1998 bankruptcy case filed by the Debtor and her now deceased husband, were signed under penalty of perjury and therefore are the equivalent of testimony in court under oath, albeit not cross-examined. Fourth, the Trustee's assertion that the local real estate tax assessment value "conclusively" establishes its 1998 value in this bankruptcy case or in the prior case, a claim for which he offers no authority, is not well founded. While such tax assessment value was no doubt conclusive in 1998 as to the real estate taxes payable with respect to such property, it is only evidence which a court can consider in determining such property's true value at that time. Additionally, while this Court is well aware that some courts have attached significant weight to the tax assessed values of property for valuation purposes, *see e.g., In re Miami Beach Hotel Investors, LLC*, 304 B.R. 523 (Bankr. S.D. Fl. 2004) (finding that a county tax bill was corroborative *evidence* of the value of the property); *In re Gunter*, 100

11

While this Court recognizes that the exemption statutes must be construed liberally in favor of debtors, *In re Snellings*, 10 B.R. at 951-52, this Court does not view that statement of policy as an invitation to read into the statutes a larger exemption than the statutes intended to provide. In *Addison v. Reavis,* the Eastern District had before it a situation in which the Debtors initially exempted only a nominal value in their interests in certain partnership properties, but later amended their exemption claims, based on the Trustee's failure to timely object, to include the entire value of those partnership interests in an amount much greater than the amount for which § 34-4 provided. 158 B.R. 53, 54-55 (E.D. Va. 1993). The court held that debtors may not "adjust the value of an exemption upward if doing so will elevate the total sum value of all the debtor's homestead exemptions above the $5,000/$10,000 maximum allowed under [§ 34-4]." *Id.* at 56. While the court in *Addison* did not have before it a situation which called for an examination of § 34-18, its decision limited the debtors' claim of exemptions to the precise dollar amount of exemption claimed when it was clear that the value of the property interests at issue exceeded the nominal values they asserted. That is not to say that there is never a situation in which a debtor may claim through operation of § 34-18 that he is entitled to an exemption greater than that permitted by § 34-4 itself. In fact, the court in *In re Ekanger*

---

B.R. 311, 314 (Bankr. E.D. Va. 1989) (finding that the tax assessed value was the best *evidence* of the value of the property), those courts nonetheless considered the tax assessed value as evidence of the property's value. If this Court were to adopt the Trustee's position that the tax assessed value would conclusively establish a property's value, then the inquiry would always end with that evidence. This Court is not prepared to adopt such a rule. Moreover, the Court observes that local real estate tax assessors in Virginia are not commonly known to inspect the physical condition of residential improvements located on property being reassessed for tax purposes, and that even more probative evidence of value, such as arm's length sale transactions, often reveals values which may either exceed or be less than assessment figures, not infrequently by significant margins.

allowed the debtor to exempt a *pro rata* share in the increase of value in his IRA in a situation where the balance of the debtor's IRA exceeded the maximum amount a debtor may exempt under Va. Code § 34-34, which deals specifically with the exemptions debtors are entitled to claim in certain retirement benefits. 1999 Bankr. LEXIS 1858, *17 (Bankr. E.D. Va. 1999).

Here, the Debtor claims an exemption in total amount of $65,000, which is the entire value of the real property according to the amended Schedule A filed in this case. This value is far greater than the $5,000 exemption to which she would individually be entitled under § 34-4. The Debtor argues that she is entitled to exempt the entire value of the real property because the entire equity in such property was exempted in the prior case. While it does appear that the Debtors exempted the entire equity in the property in the prior case, it does not follow that the Debtor is now entitled to exempt the entire value of the property in the current case. In the prior case the Debtors listed a secured claim against the property of $35,000, and the Debtor in the current case lists a secured claim against the property of $17,232.42. Thus, a portion of the increase in the Debtor's equity in the property is due to the fact that she and her now-deceased husband paid down a substantial part of the mortgage encumbering the real property. In the Court's view, the clear purpose of the statute is to protect a debtor against a later increase in a properly exempted asset's market value from becoming subject to creditor claims. It also is intended to secure to the debtor the rents and profits later accruing from a properly exempted asset and the value of any improvements added by means of exempt rents and profits from the property. An increase in value resulting from payment of liens upon exempt property is of an entirely different nature when there is no suggestion that payment of the mortgage loan against the property made use of exempt rents and profits. Accordingly, the Court concludes that an

increase in the value of a debtor's equity in property resulting from a reduction in the amount of any lien against it is more akin to "permanent improvement[s] placed upon real estate" funded by the use of non-exempt funds which are not entitled to receive the exemption under the plain language of § 34-18.

Additionally, by the plain language of the statute, it appears to this Court that the "increase in value" language modifies only the property which is "set apart." By reference to §§ 34-4 and 34-6, a debtor sets apart property, which he or she is entitled to exempt under § 34-4, by recording a homestead deed. Thus, the property "set apart" does not relate to the whole of the property which is exempted; instead, the property "set apart" only includes that which is exempted under § 34-4 through the procedure established in § 34-6. Therefore, the Court concludes that the Debtor is not entitled to exempt the entire value of her real property.

This conclusion, however, leaves, in the Court's view, the more challenging issue of whether the Debtor can claim an exemption in any portion of the increase in value of property in which a particular dollar value of exemption has been claimed in property worth more than the value of the exemption claimed. While that issue presents a very interesting problem of the proper interpretation of the language of § 34-18, this Court need not address that question here because the Court concludes that the Trustee's statement in his Objection that "[b]ased on the $70,500 tax assessed value of the property at the time of the commencement of the Case . . . , the Debtor is entitled to an exemption of the Real Property in the amount of $6,056.70" is an unqualified concession that the Debtor is entitled to exempt a *pro rata* share of the appreciation in value based on her exemption in the prior case. As noted above, the Court finds, for the purposes of this Decision, that the value of Debtor's property at the time the prior case was filed

was $43,900.  The Debtor filed a homestead deed at that time properly exempting $5,000 in the property's value.  As a result, the Debtor exempted 11.4% of the property's value when the homestead deed was recorded, and the Court concludes that, under § 34-18, the Debtor is entitled to claim an exemption of 11.4% of the appreciation of the property's value since the recording of the homestead deed.

The Trustee also raised the issue of whether the Debtor is now entitled to rely on her husband's exemption, even after his passing.  To this point, the Trustee argued that the Debtor was not entitled to assert the exemption of her deceased husband against her own creditors because the Virginia Code provides that, when a person ceases to be a householder, the right to claim an exemption also ceases to exist.  Va. Code § 34-24.  The Debtor responds merely by asserting that the homestead exemptions must be liberally construed in favor of debtors.  While the Trustee candidly admits that the decision in *In re Hayes* seems to contradict the view that the Debtor is not entitled to assert her deceased husband's exemption, *see Hayes*, 119 B.R. at 88 ("The Virginia homestead exemption protects the families of debtors by allowing the householder's spouse and minor children [to] retain the exemption after the debtor's death."), the Trustee also observed that *Hayes* relied upon an opinion entered by the Virginia Supreme Court decided under a prior version of the Virginia Constitution which specifically allowed for the widows and minor children of householders to retain the homestead exemption of the householder after his death.  *Id.*, citing *Hentrize's Adm'r.*, 85 Va. 177, 7 S.E. 204; *Edgewood Distilling Co. v. Rosser*, 116 Va. 624, 82 S.E. 716 (1914).  For the following reasons, this Court concurs with the Trustee's position.  First**,** the court in *Hayes* observed that "[t]he sole question before [it was] whether a debtor may be denied his homestead exemption because of . . .

fraudulent conduct." *Hayes*, 119 B.R. at 87. The court's statement that "[t]he Virginia homestead exemption protects the families of debtors by allowing the householder's spouse and minor children [to] retain the exemption after the debtor's death" was made solely to illustrate that courts had historically construed the homestead exemptions liberally in favor of debtors. *Id.* at 88. Second, the court cited to Virginia Supreme Court cases decided under statutory sections which have since been superseded. *See Hentrize's Adm'r.*, 85 Va. at 185, 7 S.E. at 208 (noting that "The homestead provided in [the act to which the court cites] shall continue after his...death, for the benefit of the widow and the children of the deceased[.]" (citing section 8, ch. 183, Virginia Code 1873)); *Edgewood Distilling*, 116 Va. at 628, 82 S.E. at 717 (holding that "the homestead set apart enures to the benefit of the 'minor children'" upon the death of the householder (citing Virginia Code secs. 3635, 3636)). While those cases may have accurately reflected the state of Virginia law at the time they were decided, they do not reflect the current state of Virginia law. Third, since the time of the *Hentrize* and *Edgewood Distilling* cases, Virginia has enacted statutes specifically dealing with exemptions in favor of surviving spouses and minor children of indebted decedents. Va. Code §§ 64.1 - 151.1 thru - 151.6 (2007 Repl. Vol.). These exemptions have priority over "claims against the estate." *Id.*, §§ 64.1- 151.1, - 151.2, - 151.3. It needs no extended discussion to recognize that "claims against the estate" refers to obligations of the decedent and other claims against the estate, not claims against the estate beneficiaries. *See Ames v. Custis (In re Custis)*, 87 B.R. 415, 418 (Bankr. E.D. Va. 1988) (regarding § 64.1-151.3, "this section does not grant a surviving spouse or minor children the right to exercise for their own benefit a decedent's homestead exemption"). Therefore, this Court concludes that the Debtor is only entitled to assert against her own creditors her

exemptions under Virginia law and not the exemptions of her deceased husband.

The final remaining issue is the Debtor's Motion to Avoid Judgment Lien, in which she seeks to avoid a judgment lien held by Capital One Bank in the total amount of $6,285.79 plus 26.99% interest. In this Motion, the Debtor relies on her purported exemption of the entire value of her real property. However, as discussed above, the Debtor is not entitled to assert such an exemption. Based on the $65,000 value of the property and the lien of $17,232.42 against the property held by the Bank of Marion and secured by a properly perfected deed of trust, the Debtor has $47,767.58 in equity remaining in the property. In order to avoid any portion of the judgment lien, the Debtor would need to properly assert an exemption in the real property of an amount greater than $41,481.79. Under this Court's ruling, however, the Debtor is only entitled to claim an exemption under applicable Virginia law of $7,405.40 based upon a $65,000 current valuation against her creditors or the Trustee in bankruptcy.[9] Thus, the Debtor cannot show that the exemption to which she is entitled is impaired by the existence of the judgment. Therefore, the Debtor's Motion to Avoid Judgment Lien must be denied.

## CONCLUSION

Based on the foregoing, the Court will sustain the Trustee's Objection to the Debtor's Claim of Exemptions to the extent that the Debtor claims an exemption in the full value of her real property. The Court concludes that she is entitled to exempt only the amount of the exemption claimed by her in the 1998 homestead deed and, in accordance with the Trustee's

---

[9] This figure has been arrived at by adding the sum of the original $5,000 exemption claimed by the Debtor and the Debtor's *pro rata* share of the appreciated value, which is 11.4% of the difference between the claimed current value of the real property, $65,000, and the value of the real property at the time the prior case was filed, $43,900.

concession, a proportionate share of any appreciation in value of the fractional share of such property represented by such exemption amount based on a 1998 property value of $43,900. Accordingly, the Court further concludes for the reasons previously expressed that the Debtor's Motion to Avoid Judgment Lien must be denied. An Order in accord with this Decision will be entered contemporaneously herewith.

This, the 5th day of December, 2008.

_____
UNITED STATES BANKRUPTCY JUDGE